UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-22345-CIV-O'SULLIVAN

[CONSENT]

JUAN RAMON VARGAS PEREZ et. al.

    Plaintiffs,
vs.

PRODUCE KINGDOM, INC. et. al.

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE

THIS MATTER came before the Court following a settlement conference before the undersigned and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the Settlement Agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA"). In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id. The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide factual dispute over the number of overtime hours worked by the plaintiffs and a legal dispute over whether the plaintiffs are entitled to overtime under the FLSA. The Court has reviewed the terms of the Settlement Agreement including the amount to be received by each plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes. Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' Settlement Agreement (including attorney's fees and costs) is hereby **APPROVED**. It is further

**ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss (DE# 7, 7/24/12) is **DENIED as moot**. It is further

**ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE**. The Court **retains jurisdiction until November 26, 2012** to enforce the terms of the settlement.

The Clerk of Court is directed to mark this case as **CLOSED**.

**DONE AND ORDERED** in chambers at Miami, Florida this **24th** day of September, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record